UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:15-cr-00043-JCN |
| | ) | |
| JUSTIN S. BENT, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO AMEND INFORMATION, OR
TO DISMISS THE INFORMATION (ECF No. 16)**

In this matter, by information, the Government has charged Defendant Justin S. Bent with operating a motor vehicle in Acadia National Park while intoxicated, with operating a motor vehicle without due care, and with the destruction or disturbance of trees, plants and other natural resources, in violation of 39 C.F.R. §§ 2.1, 4.22, and 4.23.

The matter is before the Court on the Government's motion to amend the information, or alternatively to dismiss the information without prejudice in order to charge the felony of operating under the influence and causing serious bodily injury in violation of 18 U.S.C. § 13, assimilating 29-A M.R.S. § 2411, or alternatively to dismiss the information without prejudice to permit the Government to charge a felony by indictment.  (Mot. to Amend or Dismiss Without Prejudice, ECF No. 16.)  Defendant argues that the Government should be required to proceed as charged. (Def.'s Response, ECF No. 18.)

After consideration of the parties' arguments, the Court grants the Government's motion,[1] and dismisses the information without prejudice.[2]

### Standard of Review

With leave of court, the Government may dismiss an indictment, information, or complaint prior to trial. Fed. R. Crim. P. 48(a). "Customarily Rule 48(a) dismissals are without prejudice and permit the government to reindict within the statute of limitations." *United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994), *cert. denied*, 515 U.S. 1126 (1995).

> The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment.... But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest.

*Rinaldi v. United States,* 434 U.S. 22, 29 n.15 (1977) (per curiam) (citations omitted).

As the United States Court of Appeals for the Third Circuit explained:

> The concern of prosecutorial harassment speaks to the danger that a prosecutor will engage in a cycle of levying and dismissing charges against a particular defendant. The other concerns are harder to describe. Courts have equated a dismissal that is clearly contrary to the public interest with one in which the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial.

*In re Richards*, 213 F.3d 773, 787 (3d Cir. 2000). While the actual standards for the exercise of a court's discretion under Rule 48(a) are unclear, "[a] court is generally required to grant a

---

[1] The charges presently before the Court qualify as "petty offenses" over which a magistrate judge has "the power to enter a sentence." 28 U.S.C. § 636(a); *United States v. Zenon-Encarnacion*, 387 F.3d 60, 64 (1st Cir. 2004). *See also* 18 U.S.C. § 19 (petty offense); 18 U.S.C. § 3559(a)(7) (Class B misdemeanor); 18 U.S.C. § 3571(b)(6) (fines); 36 C.F.R. § 1.3(a) (specifying punishments for the charges in the pending information). Because a magistrate judge has authority to enter a sentence, logically, a magistrate judge is authorized to grant the relief requested by the Government. *Cf. United States v. Rife*, No. 1:09-mc-51101, 2010 WL 1948891, at *3 (E.D. Mich. May 13, 2010) (dismissing government's appeal of mag. j.'s order dismissing information with prejudice).

[2] Because the proposed charge is a felony, the Government must proceed by indictment unless Defendant waives his right to indictment. Fed. R. Crim. P. 7(b). Defendant has not waived indictment. The Government, therefore, cannot simply amend the information to charge the felony offense. Accordingly, the Court evaluates the motion based on the Government's request for leave to dismiss the information without prejudice.

prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *Id.* at 787 (quoting *United States v. Carrigan,* 778 F.2d 1454, 1463 (10th Cir. 1985)); *see also United States v. Martin,* 287 F.3d 609, 623 (7th Cir. 2002) ("Since the judicial check on the prosecutorial power is a very limited one, a prosecutor's motion to dismiss must be granted unless clearly contrary to manifest public interest." (quotation marks omitted)).  Courts have also held that "[t]he disposition of a government's motion to dismiss an indictment should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal." *United States v. Smith,* 55 F.3d 157, 159 (4th Cir. 1995); *United States v. Sprofera*, 299 F.3d 725, 727 (8th Cir. 2002) (explaining that a finding that dismissal is contrary to manifest public interest is "determined by whether the prosecutor's motion to dismiss was made in bad faith"); *United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000) (same).

When it seeks to dismiss a criminal action under Rule 48(a), the Government is entitled to a presumption of good faith, but a defendant may overcome the presumption by demonstrating that the dismissal is the product of bad faith or contrary to the public interest.  *See United States v. Matta,* 937 F.2d 567, 568 (11th Cir. 1991); *United States v. Wellborn,* 849 F.2d 980, 983 (5th Cir. 1988); *see also United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n*, 228 F. Supp. 483, 486 (S.D.N.Y. 1964) (same, but noting that the Rule does not require the prosecutor to state the reasons for dismissal).

## Discussion

In support of its request, the Government maintains that relatively recently, it learned that a passenger in the vehicle operated by Plaintiff suffered serious bodily injury.  According to the Government, the information regarding the seriousness of the injury was not evident from the investigation conducted by the National Park Service, and the Government became aware of the

information through the victim's medical records. (Motion at 1 – 2.) Defendant cites the passage of time as his principal objection. (Response at 1 – 2.)

The Government filed its information on February 19, 2015, based on conduct that allegedly occurred in May 2014. The record reflects that pursuant to the parties' agreement, Defendant's arraignment was continued. The parties also agree that each party had legitimate reasons to delay Defendant's initial appearance. After the matter was rescheduled, on October 7, 2015, the Government filed a motion to continue Defendant's arraignment, noting its recent discovery of the seriousness of the passenger's injury. (ECF No. 11.)

Defendant argues that the Government should have requested the medical records earlier, and that his interest in an expeditious proceeding is a matter of significant public interest. Defendant also asserts he could suffer financial harm if the matter is delayed further because he could be prevented from obtaining seasonal work in the lobster fisheries during the 2016 summer season. (Response at 3 – 4.)

The Court is persuaded the Government has proceeded in good faith. While the Government arguably could have requested the victim's medical records sooner as part of its assessment of the incident in which Defendant was involved, as early as October, Defendant was aware that the Government had concerns about the extent of the victim's injuries and that the Government was reevaluating its charging decision. Given the absence of evidence to suggest that the Government is acting in bad faith, the Court is not convinced that granting the Government's request would be contrary to the public interest.

## Conclusion

Based on the foregoing analysis, the Court grants the Government's motion to dismiss the information without prejudice. The Court dismisses the information without prejudice.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Crim.P. 59.

>/s/ John C. Nivison
> U.S. Magistrate Judge

Dated this 21st day of January, 2016.